

NUMBER 13-10-00267-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: UNIT TEXAS DRILLING, L.L.C, UNIT DRILLING COMPANY, AND CLIFF WELKER

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Per Curiam Memorandum Opinion[1]

Relators, Unit Texas Drilling, L.L.C., Unit Drilling Company, and Cliff Welker, filed a petition for writ of mandamus in the above cause on May 5, 2010. On May 6, 2010, the Court requested that the real parties in interest, Caesar Morales and his wife, Rhonda Morales, file a response to the petition for writ of mandamus, and such response was duly filed on May 24, 2010. On June 4, 2010, relators filed an amended reply in further support of their petition. On June 7, 2010, this Court granted relators' "Unopposed Motion to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Consolidate and Stay the Interlocutory Appeal Deadlines" in this cause and the related appeal pending in cause number 13-10-00247-CV.

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co.*, L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply thereto, is of the opinion that relators have not shown themselves entitled to the relief sought in the petition for writ of mandamus. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (Vernon Supp. 2009) (allowing for interlocutory appeal of a matter subject to the Federal Arbitration Act to the same extent as allowed under federal law). Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
6th day of July, 2010.